IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

FILED
JUN 18 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **Plaintiff,** | ) | Case No. 15-cv-4166 |
| **Monster Energy Company** | ) | Judge Joan H. LefKow |
| V. | ) | Magistrate Judge Daniel G. Martin |
| **Defendant,** | ) | |
| **Legend Trading Co., Ltd** | ) | |

## ANSWER TO COMPLAINT

June 12, 2015

1. Defendant's name/Alias: **Legend Trading Co., Ltd**, (No. 294, 295 in Schedule A). Paypal account: zwfwf159@163.com
The owner of the on line account's name is Zou, Wu. DOB: Jan. 28, 1985 Address: Address: Buiding 41, ShangXiZhenXinYuanXiaoQiu, YiWu City, ZheJiang Province, PRC

2. Defendant is an independent small business, not associated with any other Defendants listed in Schedule A in the Complaint. He buys in products from other sellers online or offline, and sells them through the online account. Defendant is not affiliated with any known counterfeiting sources. In this regard, Defendant was in no better position than a general consumer, who was not equipped with proper means to identify the authenticity of origin of particular product.

3. Regarding the alleged counterfeiting products, in this case, the motorcycle gloves, was first noticed when Defendant went online (1688.com) and searched for products to sell. "1688.com" is a small merchandise wholesale online market operated by "alibaba". Defendant adopted the pictures from the seller and reposted them on his online account.

4. Defendant held no inventories on the alleged counterfeiting products. Defendant would go online to buy the ordered items in cheaper prices after he received a new order, and then mail the products to the buyers.

5. Defendant had no idea about Plaintiff's trademark rights until they received this court's temporary restraining order in May 2015. During this period, no one has placed an order on the motorcycle gloves at issue, other than the pretend buyers from Plaintiff's law firm, affiliates, or other agents.

6. Defendant immediately took the alleged counterfeiting product off his online account upon receiving the TRO.

7. Defendant did not aware that Plaintiff holds a trademark registration on gloves. Defendant is not equipped with knowledge and resources to do their own due diligent search. Defendant is not familiar with US legal system and would not know how to search on USPTO to verify whether the product they offer to sell is in violation of Plaintiff's rights.

8. Defendant did not successfully make any sales of this alleged counterfeiting product, i.e. the motorcycle gloves with Plaintiff's trademark on it. Defendant did not cause any substantial damage to Plaintiff. It may also indicates that the trademark at issue is not so popular when used on derivative products other than drinks.

9. Under Illinois law, punitive damages are disfavored. They are only recoverable "where the alleged misconduct is outrageous either because the acts are done with malice or an evil motive or because they are performed with a reckless indifference toward the rights of others." Zelinski v. Columbia 300, Inc., 335 F.3d 641 (7th Cir. 2003) Ordinary negligence will not support an award of punitive damages. Plaintiff must prove more than "mere inadvertence, mistake, errors of judgment and the like." *Id.*

10. Defendant held no inventory of his own, nor did her manufacture single piece of alleged counterfeiting product. For a short period of roughly six months, no sales proceeds have been generated from the alleged counterfeiting product. Defendant took the product off his online account as soon as he became aware of the possibility of counterfeiting Plaintiff's trademark rights. From all above, Defendant is indeed only negligent and should be only responsible for compensational damages for Plaintiff.

11. For this particular Defendant, Plaintiff has not met their burden to prove that they are entitled punitive damages, treble damages and attorney fees.

12. Defendant does not dispute the facts that he offered to sell the motorcycle

    gloves with Plaintiff's trademark on it.

13. Appendix I shows Defendant's back stage webpage screenshot reflecting the sales status of alleged counterfeiting product—motorcycle gloves. In reference to the ordinary business operation by "Aliexpress.com", when the tag "Transaction History & Feedback" is not displayed below the pictures of the product, it indicates that no sales of certain product has been fulfilled. Defendant offered Appendix I as evidence of its sales status on motorcycle gloves at issue.

14. This defendant is a small business online account run by husband and wife. They have kids and elders who need care. They had zero sales profit and held zero inventories. They are not willful or deliberate counterfeiting sources. It is for the Plaintiff's best interest to spend their time and efforts to focus on the manufacturer and supplier of counterfeiting sources. Defendant has provided Plaintiff's lawyer the information to identify the source of motorcycle gloves at issue from where he planned to buy.

15. To save the court resources, the Defendant is willing to pay amount as the court considers just. Defendant pray the court to have lenient judgment on him.

16. The statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c)(1), provides the lower end of statutory damage to be $1000. Plaintiff did not suffer actual damage from Defendant's zero sales. He prays the court to consider his good behaviors, and to have a lenient judgment toward lower end of statutory damages.

17. Defendant also pray the court to release his Paypal account, all transactions and proceeds in the Paypal account at issue were unrelated to alleged infringement in this case.

On this 12th day of May, 2015                      Respectfully submitted,

/s/ Zou, Wu

Zou, Wu, Owner of Defendant

Legend Trading, Co.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused two copies of Legend Trading, Co.'s Answer to Complaint to be served to the Clerk of the Court and mailed to the following address:

The Clerk of the Court

United States District Court for the Northern District of Illinois, Eastern Division, Chicago, Illinois

Dated: June 12, 2015

/s/ Zou, Wu
Zou, Wu, Owner of Defendant

Legend Trading, Co.


/s/ Lingyun Yang

Lingyun Yang,

Attorney for Defendant (NY License No.:  #4490728)

605 Sherwood Forest Place,

Cary, NC 27519

Mobile phone: (919)475-1044







Appendix I

| Product Details | Feedback (0) | Shipping & Payment | Seller Guarantees |
|---|---|---|---|

**07** SHOW DETAILS
手掌防滑颗粒
手掌垫个芽布和幻灯片颗粒无缝DESIGN.STRENGTHEN的防滑效果，并减少释放掉下来的联合羽绒。

**08** SHOW DETAILS
精选舒适透气面料
手套的材料选用独特的透气型面料，避免了长时间闷热敢带来的不舒适感

**Packaging Details**

Unit Type: piece
Package Weight: 0.130kg (0.29lb.)
Package Size: 15cm x 10cm x 5cm (5.91in x 3.94in x 1.97in)

**More Products**

**From This Seller**

**From Other Sellers**

**Premium Related Products**

Ling yun Yang
605 Sherwood Forest Pl.
Cary, NC 27519

7015 0640 0000 5556 8541

FIRST CLASS

Clerk of the Court

United States District Court for the
Northern District of Illinois, Eastern Division
327 S. Church St., Rockford
Chicago, Illinois 61101

FIRST CLASS

U.S. POSTAGE PAID
CARY, NC
27511
JUN 12, 15
AMOUNT
$4.87
00105420-08

Answer to Complaint

Case No. 15-cv-4166