IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONSTER ENERGY COMPANY, | |
| Plaintiff, | Case No. 15-cv-4166 |
| v. | Judge Joan H. LefKow |
| CHEN WENSHENG, *et al.*, | Mag. Judge Daniel G. Martin |
| Defendants. | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**

Defendant Wu Zou d/b/a Legend Trading Co., Ltd ("Defendant") does not deny that he mistakenly offered to sell a pair of gloves to Plaintiff's investigator bearing a counterfeit of Plaintiff's mark. Therefore, Defendant does dispute that an injunction may be entered even though he has already removed the offending product. Nor does Defendant dispute that a single act of trademark infringement has occurred. What Defendant does dispute is that he acted willfully.

Defendant is a citizen of China that does not conduct any regular business with anyone or any company located in Illinois, does not use social media to advertise to potential buyers in the United States and does not send advertising emails to potential buyers in the United States. (SOAF ¶¶ 2-3.)[1] Defendant is an independent small business, not associated with any other Defendants in the action, that went online via 1688.com and searched for products to sell. (SOAF ¶¶ 4-5.) 1688.com is a small merchandise wholesale online market operated by "alibaba." (SOAF ¶ 5.) Defendant adopted the pictures of what turned out to be a copy of Plaintiff's

---

[1] "SOAF" refers to Defendant's Local Rule 56.1(b)(3)(C) Statement of Additional Facts.

product from the seller and reposted them on his online account. (*Id*.) At the time Defendant posted the offending pictures, he had no knowledge of Plaintiff's trademark rights. (SOAF ¶ 6.) After receiving notice of Plaintiff's trademark rights, Defendant immediately removed the offending pictures from his website and did not make a single sale of the offending product. (*Id*.)

The above actions are not the acts of a willful counterfeiter. They are the actions of an un-informed Chinese citizen that made a mistake. The actual willful counterfeiter here is the entity that designed and manufactured the counterfeit product, but that person does not stand before the Court.

If Plaintiff had evidence that it informed Defendant of its rights, and the Defendant ignored this notice, Defendant would concede that such behavior is willful. However, Defendant acted in a responsible manner by immediately removing the offending material and product as soon as he received notice.

In short, Defendant acted without knowledge of Plaintiff's rights and is not the party that created the counterfeit product. Accordingly, enhanced damages are not warranted. Nor are attorney's fee warranted. The appropriate damage amount, based on the above, should be $1,000 as authorized by 15 U.S.C. § 1117(c)(1) and the remainder of the $14,278.63 frozen in Defendant's PayPal account should be released since none of the funds concern the sale of Plaintiff's products. (SOAF ¶ 7.)

DATED: December 18, 2015                                Respectfully Submitted,

/s/Keith A. Vogt  
Keith A. Vogt, Esq.  
1033 South Blvd, Suite 200  
Oak Park IL 60302  
708.203.4787  
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that on December 18, 2015 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Keith A. Vogt