IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONSTER ENERGY COMPANY, | |
| Plaintiff, | Case No. 15-cv-4166 |
| v. | Judge Joan H. LefKow |
| CHEN WENSHENG, *et al.*, | Mag. Judge Daniel G. Martin |
| Defendants. | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Defendant Zhang Yuan d/b/a mqxxc ("Defendant") does not deny that he mistakenly offered to decals to Plaintiff's investigator bearing a counterfeit of Plaintiff's mark. Therefore, Defendant does dispute that an injunction may be entered. Nor does Defendant dispute that a single act of trademark infringement has occurred. What Defendant does dispute is that he acted willfully.

Defendant is a citizen of China that does not conduct any regular business with anyone or any company located in Illinois, does not use social media to advertise to potential buyers in the United States and does not send advertising emails to potential buyers in the United States. (SOAF ¶¶ 2-3.)[1] Defendant is an independent small business, not associated with any other Defendants in the action, that went online and searched for products to sell. (SOAF ¶ 4.)

The above actions are not the acts of a willful counterfeiter. They are the actions of an un-informed Chinese citizen that made a mistake. The actual willful counterfeiter here is the entity that designed and manufactured the counterfeit product, but that person does not stand

---

[1] "SOAF" refers to Defendant's Local Rule 56.1(b)(3)(C) Statement of Additional Facts.

before the Court.

If Plaintiff had evidence that it informed Defendant of its rights, and the Defendant ignored this notice, Defendant would concede that such behavior is willful.

In short, Defendant acted without knowledge of Plaintiff's rights and is not the party that created the counterfeit product. Accordingly, enhanced damages are not warranted. Nor are attorney's fee warranted. The appropriate damage amount, based on the above, should be $1,000 as authorized by 15 U.S.C. § 1117(c)(1) and the remainder of the $11,744.89 frozen in Defendant's PayPal account should be released since none of the funds concern the sale of Plaintiff's products. (SOAF ¶ 5.)

DATED: December 18, 2015                                              Respectfully Submitted,


/s/Keith A. Vogt
Keith A. Vogt, Esq.
1033 South Blvd, Suite 200
Oak Park IL 60302
708.203.4787
Attorney for Defendant

3

## CERTIFICATE OF SERVICE

I certify that on December 18, 2015 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Keith A. Vogt